■ EDWARD J. KURIANSKY, as Deputy Attorney-General for Medicaid Fraud Control, et al., Plaintiffs, v BED-STUY HEALTH CARE CORPORATION et al., Defendants. (Matter No. 1.) 331 KNICKERBOCKER AVENUE REALTY CORPORATION, Appellant, v PAUL KROHN, Respondent. (Matter No. 2.)—In matter No. 2, a proceeding to recover possession of real property pursuant to RPAPL article 7, 331 Knickerbocker Avenue Realty Corporation appeals, as limited by its brief, from so much of an order and judgment of the Supreme Court, Kings County (Vaccaro, J.), dated January 4, 1988, as, upon a motion by the court-appointed receiver of the Bed-Stuy Health Care Corporation, inter alia, (1) removed the proceeding from the Civil Court, Kings County, to the Supreme Court, Kings County, to be determined in conjunction with a pending civil forfeiture action in the latter court (matter No. 1) and (2) upon removal, dismissed the proceeding to recover possession of real property upon a finding that the receiver was not in default under the terms of the lease.

Ordered that the order and judgment is affirmed insofar as appealed from, with costs.

In a civil forfeiture action pursuant to CPLR article 13A, arising from a criminal prosecution for Medicaid fraud, the Supreme Court appointed the respondent Paul Krohn as receiver of Bed-Stuy Health Care Corporation (hereinafter Bed-Stuy), a defendant in the criminal proceeding (see, Kuriansky v Bed-Stuy Health Care Corp., 135 AD2d 160). Bed-Stuy operates medical diagnostic and treatment centers where the fraud is alleged to have taken place, and is the parent company of Shelberg Realty Co., Inc. (hereinafter Shelberg). Both corporations have as their principals the three individual defendants in the criminal proceeding. One of the medical center's premises is leased by Shelberg from the appellant 331 Knickerbocker Avenue Realty Corporation (hereinafter the landlord).

Following the appointment of the receiver, the landlord

commenced matter No. 2, a proceeding to recover possession of real property pursuant to RPAPL article 7 in the Civil Court, Kings County, against Shelberg alleging, *inter alia,* a default in the payment of real estate taxes and insurance premiums. The receiver then moved in the Supreme Court, Kings County, *inter alia,* to remove the proceeding to the Supreme Court for determination in conjunction with the civil forfeiture action pending in the latter court, and for dismissal of the proceeding upon the ground that the receiver had cured any alleged default under the terms of the lease. The Supreme Court granted the receiver's request for removal and upon removal, it dismissed the proceeding upon a finding that the receiver was not in default under the terms of the lease.

We find that because the Supreme Court was the court that appointed the receiver *(see, Copeland v Salomon,* 56 NY2d 222; *Independence Sav. Bank v Triz Realty Corp.,* 100 AD2d 613) and it still had pending before it the civil forfeiture action *(see,* CPLR 602), it did not abuse its discretion by removing the proceeding from the Civil Court. Furthermore, the record reveals that all the amounts claimed as "rent" by the landlord and alleged to be in default had either been paid or tendered by the receiver by the time the motion was argued before the court *(see,* RPAPL 751). Accordingly, the Supreme Court properly dismissed the proceeding on the ground that there was no default under the terms of the lease. Mangano, J. P., Lawrence, Spatt and Harwood, JJ., concur.